UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN FRIEDRICH, Individually    :
and as Executor of the Estate of      :
PATRICIA FRIEDRICH and p.p.a. S.F.;  :
and AMY FRIEDRICH           :
                                    :
v.                               :          C.A. No. 1:14-cv-00353
                               :
SOUTH COUNTY HOSPITAL       :
HEALTHCARE SYSTEM;          :
JOSEPH P. TURNER, D.O.;       :
JOHN and/or JANE DOE, Alias; and  :
JOHN DOE CORPORATION, Alias   :

## COMPLAINT

### GENERAL ALLEGATIONS

1.      Plaintiff, Stephen Friedrich, is the husband of Patricia Friedrich and is a citizen and resident of the Town of South Kingstown, in the State of Rhode Island. He brings this action individually, and as Executor of the Estate of his deceased wife, Patricia Friedrich, and as legal guardian of their minor child, S. F.

2.      Plaintiff, Amy Friedrich, is the daughter of Patricia Friedrich and is a citizen and resident of the Town of South Kingstown, in the State of Rhode Island. She brings this action individually.

3.      Defendant Joseph P. Turner, D.O. upon information and belief is a citizen and resident of the State of Rhode Island. At all times mentioned herein, said defendant was engaged in the practice of medicine in Rhode Island and held himself out to be a specialist in the field of Internal Medicine. At all times mentioned herein, Defendant Turner was and is an employee, agent and/or servant of South County Hospital Healthcare System.

1

4.      Defendant, South County Hospital Healthcare System ("SCHHS") is a "covered hospital" as defined by 42 U.S.C. §1395dd(e)(2) and so is subject to the provisions of EMTALA, 42 U.S.C. §1395dd, et seq. At all relevant times, Defendant Turner was an employee, agent, and/or servant of Defendant SCHHS.

5.      Defendant, SCHHS holds itself out as South County Hospital Medical and Wellness Center and is responsible for care delivered at the South County Hospital Medical and Wellness Center.

6.      Defendant, SCHHS holds itself out as South County Hospital Urgent Walk-In Care and is responsible for care delivered at South County Hospital Urgent Walk-In Care.

7.      Defendants, John Doe, Alias and Jane Doe, Alias ("Does") are, upon information and belief, citizens and residents of the State of Rhode Island.  The true names of said Defendants are unknown to Plaintiffs, who consequently sue such Defendants by said fictitious names. Plaintiffs will seek leave to amend their Complaint to state Defendants' true names when such have been ascertained. At all times mentioned herein, said Defendants were agents, apparent agents, and/or employees of South County Hospital Healthcare System.

8.      Defendant John Doe Corporation, upon information and belief is a non-business Corporation existing under the laws of Rhode Island with a principal place of business herein.  The true name of the Defendant Corporation is unknown to Plaintiffs who will seek leave to amend their Complaint to state the true name of Defendant John Doe Corporation when such has been ascertained.

9.      On or about September 9, 2013, Patricia Friedrich presented to South County Hospital Medical and Wellness Center Urgent Walk-In Care complaining of severe,

burning chest pain that was diagramed as sternal radiating to both shoulders, neck, and down her right arm.

10.     Mrs. Friedrich was seen by Joseph P. Turner, D.O.

11.     Mrs. Friedrich underwent an electrocardiogram, blood work, and a chest x-ray.

12.     Mrs. Friedrich was discharged home with a diagnosis of gastro esophageal reflux disease with no follow-up ordered.

13.     On September 10, 2013, Mrs. Friedrich was found unresponsive at home.

14.     Emergency Medical Response was called and Mrs. Friedrich was transported to South County Hospital in asystole.

15.     Due to the Defendants' negligence, Mrs. Friedrich died on September 10, 2013.

## JURISDICTION

16.     Jurisdiction before this Federal Court is based on 28 U.S.C. §1331.

## COUNT I
### -EMTALA- FAILURE TO PROVIDE MEDICAL SCREENING
### DEFENDANT  SOUTH COUNTY HOSPITAL HEALTHCARE SYSTEM

1.     Plaintiffs hereby incorporate Paragraphs 1 through 16 of the Complaint as if set forth fully and at length herein.

2.     Defendant South County Hospital Healthcare System ("SCHHS"), by and through its agents, servants and/or employees, undertook the treatment and care of Patricia Friedrich, and offered its services as an emergency medical department.

3.     It then and there became the duty of the Defendant SCHHS, its agents, servants and/or employees, to provide Patricia Friedrich with an appropriate medical

screening examination which was within the capability of Defendant South County Hospital Healthcare System's Emergency Department, as required by 42 U.S.C. §1395dd, et seq.

4.     Nevertheless, Defendant SCHHS disregarded its duty as aforesaid and failed to provide Patricia Friedrich with an appropriate medical screening examination within the capability of Defendant South County Hospital Healthcare System's Emergency Department, in violation of 42 U.S.C. §1395dd, et seq.

5.     As a direct and proximate result of the Defendant SCHHS' violation of Federal Law as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013. The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

6.     By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

7.     By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.     By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

11.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

12.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant South County Hospital Healthcare System in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT II
### -EMTALA- TRANSFER WITHOUT STABILIZATION
### DEFENDANT SOUTH COUNTY HOSPITAL HEALTHCARE SYSTEM

1.      Plaintiffs hereby incorporate Paragraphs 1 through 16 of the Complaint as if set forth fully and at length herein.

2.      Defendant South County Hospital Healthcare System ("SCHHS"), by and through its agents, servants, and/or employees, undertook the treatment and care of Patricia Friedrich, and offered its services as an emergency medical department.

3.      It then and there became the duty of the Defendant SCHHS, its agents, servants and/or employees, to not transfer Patricia Friedrich until her condition had been stabilized, as required by 42 U.S.C. §1395dd, <u>et</u> <u>seq</u>.

4.      Nevertheless, Defendant SCHHS disregarded its duty as aforesaid and transferred Patricia Friedrich out of Defendant South County Hospital Healthcare System's Emergency Department, in violation of 42 U.S.C. §1395dd, <u>et</u> <u>seq</u>.

5.      As a direct and proximate result of the Defendant SCHHS' violation of Federal Law as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013. The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

6.      By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

7.      By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

11.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

12.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant South County Hospital Healthcare System in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT III
### NEGLIGENCE
### DEFENDANT SOUTH COUNTY HOSPITAL HEALTHCARE SYSTEM

1.      Plaintiffs hereby incorporate Paragraphs 1 through 16 of the Complaint as if set forth fully and at length herein.

2.      On or about September 9, 2013 and thereafter, South County Hospital Healthcare System ("SCHHS"), by and through its agents, servants and employees, undertook for a valuable consideration to diagnose, treat and care for Patricia Friedrich.

3.      It then and there became and was the duty of SCHHS, by and through its agents, servants and employees, to exercise ordinary care in the diagnosis, treatment and care of Mrs. Friedrich.

4.      Nevertheless, SCHHS, by and through its agents, servants and employees, disregarded its duty as aforesaid and failed to exercise said degree of diligence and skill in that it failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mrs. Friedrich and was otherwise negligent in its diagnosis, treatment, and care of her.

5.      As a direct and proximate result of SCHHS' negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

6.      By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

7.      By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

11.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

12.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant South County Hospital Healthcare System in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### COUNT IV
### LACK OF INFORMED CONSENT
### DEFENDANT SOUTH COUNTY HOSPITAL HEALTHCARE SYSTEM

1.      Paragraphs 1 and 2 of Count III are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became the duty of Defendant SCHHS, no emergency existing, to inform Mrs. Friedrich of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon her so that she could give her

informed consent to such treatment. It also then and there became the duty of Defendant SCHHS to obtain Mrs. Friedrich's informed consent before proceeding with said treatment and care.

3.     Nevertheless, Defendant SCHHS disregarded its duty as aforesaid and failed to inform Mrs. Friedrich of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.     If Defendant SCHHS had informed Mrs. Friedrich of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that she might suffer those injuries from which she suffered as a direct performance of said treatment and care, she would have refused to consent to the performance of the treatment and care therein involved.

5.     As a direct and proximate result of SCHHS' negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013. The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

6.     By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

7.     By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia

Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

11.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

12.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant South County Hospital Healthcare System in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT V
### CORPORATE LIABILITY
### DEFENDANT SOUTH COUNTY HOSPITAL HEALTHCARE SYSTEM

1.      Paragraphs 1 and 2 of Counts III and IV are hereby incorporated as if set forth fully and at length herein.

2.      It then and there became and was the duty of Defendant SCHHS to provide quality medical care to Patricia Friedrich, to exercise the care in granting credentials and privileges to those providing care and treatment within the hospital, to protect his safety, to protect her from incompetent and/or negligent treatment, to supervise, and to otherwise exercise reasonable care for her protection and well-being.

3.      Nevertheless, Defendant SCHHS negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a hospital to the Plaintiffs.

4.      As a direct and proximate result of SCHHS' negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

5.      By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

6.      By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia

Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

7.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

10.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

11.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant South County Hospital Healthcare System in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT VI
### VICARIOUS LIABILITY
### DEFENDANT SOUTH COUNTY HOSPITAL HEALTHCARE SYSTEM

1.      Paragraphs 1 through 16 of the Complaint and Counts III through V are hereby incorporated by reference as if fully set forth at length herein.

2.      Defendant, Joseph P. Turner, D.O., was an employee, agent and/or servant of Defendant SCHHS and was acting within the scope of his employment at all times relevant hereto.

3.      Defendant SCHHS was at all relevant times vicariously responsible for the acts of its agents and servants, including, but not limited to, the acts of Joseph P. Turner, D.O., as set forth above.

4.      As a direct and proximate result of SCHHS' negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

5.      By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

6.      By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

7.     By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.     By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

9.     By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

10.    By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

11.    By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant South County Hospital Healthcare System in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT VII
### NEGLIGENCE
### DEFENDANT JOSEPH P. TURNER, D.O.

1.     Plaintiffs hereby incorporate Paragraphs 1 through 16 as if fully set forth at length herein.

2.      On or about September 9, 2013, Joseph P. Turner, D.O. undertook for a valuable consideration to diagnose, treat, and care for Patricia Friedrich.

3.      It then and there became and was the duty of Dr. Turner to exercise that degree of diligence and skill required of the average physician in the practice of Internal Medicine.

4.      Nevertheless, Dr. Turner disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mrs. Friedrich and was otherwise negligent in his diagnosis, treatment, and care of her.

5.      As a direct and proximate result of Dr. Turner's negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The injuries were such that in the exercise of reasonable diligence it was not discoverable until at or near Mrs. Friedrich's death.

6.      By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

7.      By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

11.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

12.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant Joseph P. Turner, D.O. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT VIII
### LACK OF INFORMED CONSENT
### DEFENDANT JOSEPH P. TURNER, D.O.

1.      Paragraphs 1 and 2 of Count VII are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became the duty of Defendant Joseph P. Turner, D.O., no emergency existing, to inform Mrs. Friedrich of the risks of harm attendant to the treatment and care he proposed to administer to and perform upon her so that she could give her informed consent to such treatment.  It also then and there became the duty of Defendant Turner to obtain Mrs. Friedrich's informed consent before proceeding with said treatment and care.

3.      Nevertheless, Defendant Turner disregarded his duty as aforesaid and failed to inform Mrs. Friedrich of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.      If Defendant Turner had informed Mrs. Friedrich of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered as a direct result of Defendant Turner's performance of the treatment and care in question, Mrs. Friedrich would have refused to consent to the performance of said treatment and care.

5.      As a direct and proximate result of Dr. Turner's negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

6.      By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

7.      By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.      By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

11.      By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

12.      By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant Joseph P. Turner, D.O. in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT IX
### NEGLIGENCE
### DEFENDANT JOHN AND/OR JANE DOE, M.D., ALIAS

1.     Plaintiffs hereby incorporate Paragraphs 1 through 16 as if fully set forth at length herein.

2.     On or about September 9, 2013, John and/or Jane Doe, M.D., Alias, undertook for a valuable consideration to diagnose, treat and care for Patricia Friedrich.

3.     It then and there became and was the duty of John and/or Jane Doe, M.D., Alias to exercise that degree of diligence and skill required of the average physician in the practice of medicine.

4.     Nevertheless, John and/or Jane Doe, M.D., Alias disregarded their duty as aforesaid and failed to exercise said degree of diligence and skill in that they failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mrs. Friedrich and were otherwise negligent in their diagnosis, treatment and care of her.

5.     As a direct and proximate result of Defendants' negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

6.     By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

7.     By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia

Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

11.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

12.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant John and/or Jane Doe, M.D., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT X
### LACK OF INFORMED CONSENT
### DEFENDANT JOHN AND/OR JANE DOE, M.D., ALIAS

1.      Paragraphs 1 through 16 and Count IX are hereby incorporated by reference as if set forth fully at length herein.

2.      It then and there became the duty of Defendants John and/or Jane Doe, M.D., Alias, no emergency existing, to inform Mrs. Friedrich of the risks of harm attendant to the treatment and care they proposed to administer to and perform upon her so that she could give her informed consent to such treatment.  It also then and there became the duty of the Defendants to obtain Mrs. Friedrich's informed consent before proceeding with said treatment and care.

3.      Nevertheless, Defendants John and/or Jane Doe, M.D., Alias disregarded their duty as aforesaid and failed to inform Mrs. Friedrich of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.      If Defendants John and/or Jane Doe, M.D., Alias had informed Mrs. Friedrich of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered as a direct result of Defendants' performance of the treatment and care in question, Mrs. Friedrich would have refused to consent to the performance of said treatment and care.

5.      As a direct and proximate result of Defendants' negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

6.      By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

7.      By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

11.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

12.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant John and/or Jane Doe, M.D., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### COUNT XI
### NEGLIGENCE
### DEFENDANT JOHN DOE CORPORATION, ALIAS

1.     Plaintiffs hereby incorporate Paragraphs 1 through 16 of the Complaint as if fully set forth at length herein.

2.     On or about September 9, 2013 and thereafter, John Doe Corporation, Alias, by and through its agents, servants and employees, undertook for a valuable consideration to diagnose, treat and care for Patricia Friedrich.

3.     It then and there became and was the duty of Defendant John Doe Corporation, Alias, by and through its agents, servants and employees, to exercise ordinary care in the diagnosis, treatment and care of Mrs. Friedrich.

4.     Nevertheless, Defendant John Doe Corporation, Alias, by and through its agents, servants and employees, disregarded its duty as aforesaid and failed to exercise said degree of diligence and skill in that it failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mrs. Friedrich and was otherwise negligent in its diagnosis, treatment, and care of her.

5.     As a direct and proximate result of Defendant's negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The

injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

6.     By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

7.     By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.     By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

9.     By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.    By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

11.    By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

12.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XII
### LACK OF INFORMED CONSENT
### DEFENDANT JOHN DOE CORPORATION, ALIAS

1.     Paragraphs 1 through 16 and Count XI are hereby incorporated by reference, as if set forth fully at length.

2.     It then and there became the duty of Defendant John Doe Corporation, Alias no emergency existing, to inform Mrs. Friedrich of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon her so that she could give her informed consent to such treatment.   It also then and there became the duty of Defendant John Doe Corporation, Alias to obtain Mrs. Friedrich's informed consent before proceeding with said treatment and care.

3.     Nevertheless, Defendant John Doe Corporation, Alias disregarded its duty as aforesaid and failed to inform Mrs. Friedrich of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.     If Defendant John Doe Corporation, Alias had informed Mrs. Friedrich of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that she might suffer those injuries from which she suffered as a direct

performance of said treatment and care, she would have refused to consent to the performance of the treatment and care therein involved.

5.      As a direct and proximate result of Defendant's negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

6.      By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

7.      By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

10.     By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

11.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

12.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XIII
### CORPORATE LIABILITY
### DEFENDANT JOHN DOE CORPORATION, ALIAS

1.     Paragraphs 1 and 2 of Counts XI and XII are hereby incorporated by reference as if set forth fully at length herein.

2.     It then and there became and was the duty of John Doe Corporation, Alias, by and through its agents, servants and employees, to provide quality medical care to Mrs. Friedrich, to protect her safety, to protect her from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for her protection and well-being.

3.     Nevertheless, John Doe Corporation, Alias, by and through its agents, servants and employees, negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a medical group to Mrs. Friedrich.

4.      As a direct and proximate result of John Doe Corporation, Alias' negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

5.      By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

6.      By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

7.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

10.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which

damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

11.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT XIV
### VICARIOUS LIABILITY
### DEFENDANT JOHN DOE CORPORATION, ALIAS

1.     Paragraphs 1 through 16 and Counts XI through XIII are hereby incorporated by reference as if fully set forth at length herein.

2.     Defendant John and/or Jane Doe, M.D., Alias' were employees, agents and/or servants of John Doe Corporation, Alias at all relevant times herein.

3.     John Doe Corporation, Alias, was at all relevant times responsible for the acts of its agents and servants including but not limited to the acts of John and/or Jane Does, M.D., Alias as set forth above.

4.     As a direct and proximate result of Defendant's negligence as aforesaid, Mrs. Friedrich suffered severe personal injuries, and ultimately died on September 10, 2013.  The injuries were such that in the exercise of reasonable diligence they were not discoverable until at or near Mrs. Friedrich's death.

5.     By reason of the foregoing, Plaintiff Stephen Friedrich, has been and will continue to be deprived of the services, affection, society, and consortium of his late wife,

Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(a), and was otherwise damaged.

6.      By reason of the foregoing, Plaintiff Amy Friedrich has been and will continue to be deprived of parental society and companionship of her late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

7.      By reason of the foregoing, Plaintiff S. F. has been and will continue to be deprived of parental society and companionship of his late mother, Patricia Friedrich, which damages are remunerable under R.I. Gen. Laws §10-7-1.2(b), and was otherwise damaged.

8.      By reason of the foregoing, Patricia Friedrich's beneficiaries have incurred expenses for medical and nursing treatment and care, medicines, counseling, and the like, which damages are remunerable under R.I. Gen. Laws §10-7-5.

9.      By reason of the foregoing, Patricia Friedrich's beneficiaries have suffered damages as set forth in R.I. Gen. Laws §10-7-1 et seq., including pecuniary damages as provided under R.I. Gen. Laws §10-7-1.1, and were otherwise damaged.

10.     By reason of the foregoing, Patricia Friedrich suffered injuries to her mind and body, nerves and nervous system, and endured extreme pain and suffering, all of which damages are remunerable on behalf of the beneficiaries of Patricia Friedrich, as set forth under R.I. Gen. Laws §10-7-7.

11.     By reason of the foregoing, Patricia Friedrich's beneficiaries incurred funeral and burial expenses, which damages are remunerable on behalf of the beneficiaries under R.I. Gen. Laws §10-7-5.

WHEREFORE, Plaintiffs demand judgment against Defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

Plaintiffs,
By their Attorneys,

/s/ Amato A. DeLuca
Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Shad Miller (#8594)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI  02903
(401) 453-1500
(401) 453-1501 Fax

DATED:  August 4, 2014

**PLAINTIFFS PRAY FOR TRIAL BY JURY
AND DESIGNATES AMATO A. DELUCA AS TRIAL ATTORNEY**