UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
STEPHEN FRIEDRICH, individually     )
and as Executor of the Estate of    )
PATRICIA FRIEDRICH and p.p.a. S.F.; )
and AMY FRIEDRICH,                  )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )   C.A. No. 14-353 S
                                    )
SOUTH COUNTY HOSPITAL HEALTHCARE    )
SYSTEM; JOSEPH P. TURNER, D.O.;     )
JOHN and/or JANE DOE, alias; and    )
JOHN DOE CORPORATION, alias,        )
                                    )
            Defendants.             )
_____ )

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before this Court is Defendant's Motion to Enforce Settlement Agreement (ECF No. 61). For the reasons set forth below, Defendant's Motion is DENIED.

I.  Background

Plaintiffs have filed an action against Defendants based on Defendants' allegedly negligent medical treatment of Patricia Friedrich on September 9, 2013. After initiating the lawsuit, Plaintiffs sent a demand letter to Defendant Joseph Turner ("Defendant") on July 22, 2016. (Def.'s Mot. Ex. C, ECF No. 61-

2.) On July 26, 2016, Defendant acknowledged receipt of Plaintiffs' demand letter and took the offer under consideration. (Def.'s Mot. Ex. D, ECF No. 61-2.) Thereafter, both parties agreed to participate in a settlement conference. (Def.'s Mot. Ex. F, ECF No. 61-2.) During that settlement conference Plaintiffs made new settlement offers, all of which were contingent upon all Defendants agreeing to a global settlement. (Def.'s Mot. 2-3, ECF No. 61-1; Pls.' Mot. 2, ECF No. 64-1.) The parties were unable to come to a settlement agreement.

Then, on December 2, 2016, Defendant sent a letter to Plaintiffs which purported to accept the terms of Plaintiffs' July 22 letter. (Def.'s Ex. H, ECF No. 61-2.) Plaintiff responded by explaining, "[a]s was communicated to you at the mediation . . . , plaintiffs are willing to entertain only a global settlement with both your client and defendant South County Hospital System." (Def.'s Ex. I, ECF No. 61-2.) Defendant argues that Plaintiffs never officially revoked their settlement offer of July 22, that Defendant accepted the offer through its December 2 letter, and moves to enforce that agreement.

II. Discussion

Settlement agreements in Rhode Island are governed by "general contract law principles." Furtado v. Goncalves, 63 A.3d

533, 538 (R.I. 2013). The formation of a contract requires both an offer and an acceptance. See Ardente v. Horan, 366 A.2d 162, 165 (R.I. 1976). Once an offer is made the offeror has the "right . . . to terminate [their] offer by withdrawing it at any time before acceptance." Merritt Land Corp. v. Marcello, 291 A.2d 263, 266 (R.I. 1972). The offeror may withdraw an offer in various ways, including by "manifest[ing] . . . an intention not to enter into the proposed contract." Restatement (Second) of Contracts § 42 (1981).

In this case, Plaintiffs made an initial offer in their July 22 letter. Both parties agree that Defendant's July 26 reply letter did not constitute an acceptance of Plaintiffs' offer. Both parties also agree that during the October settlement conference Plaintiffs made clear that any future settlement with Defendant would be contingent on a global settlement involving all parties. This new condition - requiring a global settlement as part of any agreement - effectively withdrew Plaintiffs' previous offer. See Restatement (Second) of Contracts § 42 (1981) ("An offeree's power of acceptance is terminated when the offeree receives from the offeror a manifestation of an intention not to enter into the proposed contract."); see also Kirkland v. Sunrise Opportunities, 200 F.R.D. 159, 161 (D. Me. 2001) (explaining the "common law

principle[] of contract law" that an initial offer is altered when the "the offeree receives [a] new offer") (citing Restatement (Second) of Contracts § 42). Because Defendant had no authority to accept an offer that had been withdrawn, the Court finds that the parties did not enter into an enforceable settlement agreement. See Merritt Land Corp., 291 A.2d at 266-67.

III. Conclusion

Defendant's Motion to Enforce Settlement Agreement (ECF No. 61) is DENIED.[1]

IT IS SO ORDERED.

/s/ W E Smith

William E. Smith
Chief Judge
Date: January 5, 2017

---

[1] Because the Court finds that Plaintiffs withdrew their July 22 offer, the Court need not address whether Plaintiffs' offer was "presumed to have been rejected" pursuant to R.I.G.L. § 27-7-2.2.

4